FILED
98 JAN 30 PM 3: 43
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JEFFREY STEVEN SALTER,  }
Administrator of the Estate of Mary  }
Stephanie Bryant, deceased,  }
 }
    Plaintiff,  }   CASE NO. CV 97-B-0828-S
 }
v.  }
 }
CHRISTOPHER YANCY HILL, an  }
individual; THE BRADFORD  }
GROUP, INC., d/b/a BRADFORD  }
HEALTH SERVICES, a corporation,  }
 }
    Defendants.  }

ENTERED
JAN 3 0 1998

## MEMORANDUM OPINION

Currently before the court are the Motions of Terrill W. Sanders, as Administrator of the Estate of Mary Stephanie Bryant, by appointment of the Probate Court of Jefferson County, Alabama, to Intervene as of Right pursuant to FED. R. CIV. P. 24(a), and to Dismiss for Lack of Jurisdiction. Upon consideration of the record, the submissions of the parties, the argument of counsel, and the relevant law, the court is of the opinion that the Motion to Intervene and Motion to Dismiss filed by Terrill W. Sanders are due to be granted.

### FACTUAL SUMMARY

This action was filed by plaintiff Jeffrey Steven Salter under the Alabama Wrongful Death Act, which requires that an action for wrongful death be brought by the "personal representative" of the decedent. *See* ALA. CODE § 6-5-410 (1975). Mr. Salter attempts to bring this action as Administrator of the Estate of Mary Stephanie Bryant, under a grant of Letters of Administration by the County Court of Rutherford County, Tennessee. That estate



was opened and Letters of Administration granted to Mr. Salter on or about March 1, 1997. In issuing Letters of Administration, the court made an initial holding that the decedent was a resident of Rutherford County, Tennessee, so as to grant jurisdiction to that court over the estate.

Intervenor Terrill W. Sanders is the Administrator of the Estate of Mary Stephanie Bryant by order of the Probate Court of Jefferson County, Alabama. That estate was opened on February 12, 1997, by decedent's mother, Marcia Bryant, but Letters of Administration were revoked on the same day. On February 13, 1997, Letters of Administration were granted to Terrill W. Sanders as County Administrator. In issuing Letters of Administration, the court made an initial holding that the decedent was a resident of Jefferson County, Alabama.

Thereafter, Mr. Salter filed a Motion to Intervene in the Probate Court of Jefferson County, Alabama, and sought to have that estate dismissed. Salter's motion squarely raised the issue of the residence of the decedent for the first time. The Alabama court held a full evidentiary hearing on the issue of the residency of the decedent, and by order dated May 7, 1997, specifically determined that decedent had been a resident of Jefferson County, Alabama, at the time of her death. The court accordingly determined that it had jurisdiction over the estate, and that Terrill W. Sanders was properly appointed as Administrator of that estate. Terrill W. Sanders now seeks to intervene and to have this action dismissed on the grounds that the parties are bound by the findings of the Probate Court of Jefferson County, Alabama.

## DISCUSSION

### I. Intervenor Terrill W. Sanders' Motion to Intervene

The Motion to Intervene is controlled by the terms of FED. R. CIV. P. 24(a)(2). That Rule requires that a person may intervene as of right in a pending action "when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest . . . ." The Intervenor, Terrill W. Sanders, has demonstrated that he is the duly appointed administrator of the Estate of Mary Stephanie Bryant, by order of the Probate Court of Jefferson County, Alabama. Alabama's Wrongful Death Act provides that the administrator has the sole right to bring an action for wrongful death. *See* ALA. CODE § 6-5-410 (1975). Therefore, Terrill W. Sanders has an interest in the outcome of the litigation of the wrongful death claim. Because the Alabama Estate and its Administrator have an interest in the wrongful death claim which may be prejudiced if the Administrator is not allowed to intervene, the Motion to Intervene filed by Administrator Terrill W. Sanders is due to be granted.

### II. Intervenor Terrill W. Sanders' Motion to Dismiss

The Probate Court of Jefferson County, Alabama, is a court of general jurisdiction pursuant to the laws of the State of Alabama, and thus has jurisdiction to consider the question of its own jurisdiction. *See e.g. Orton v. Cheatham*, 293 Ala. 639, 309 So.2d 94 (1975). The subsequent opening of additional estate administration in another court does not affect the jurisdiction of the original court. *See id.* Accordingly, this court accepts the determination of the Alabama Probate Court that Terrill W. Sanders is the duly appointed administrator of the

3

Estate of Mary Stephanie Bryant, and that the decedent was a resident of Jefferson County, Alabama, at the time of her death. The court makes no determination of the jurisdiction of the County Court of Rutherford County, Tennessee, at this time, as such a determination is not required for a consideration of the merits of the Motions before the court.

The jurisdiction of this court over the instant action was invoked pursuant to the federal diversity statute, 28 U.S.C. § 1332. That statute provides, in pertinent part, that: "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . ." 28 U.S.C. § 1332(c)(2). The measure of citizenship to look to on the estate's side, therefore, is the state where the decedent was a resident at the time of death. In this instance, the Probate Court of Jefferson County, Alabama, has made a final determination that decedent was a resident of Jefferson County, Alabama, at the time of her death. Therefore, for purposes of Sanders' Motion to Dismiss for Lack of Jurisdiction, intervenor/plaintiff Sanders, in his representative capacity, is deemed to be a citizen of Jefferson County, Alabama.

As noted above, the Probate Court of Jefferson County, Alabama, had jurisdiction to determine the residency of the decedent. The court made its decision with regard to the residency of the decedent after notice to plaintiff Jeffrey Wayne Salter, to intervenor, and to all other parties interested in the estate. A party seeking to invoke *res judicata* on the basis of a prior judgment must establish three prerequisites: (1) identity of the parties, (2) identity of the causes of action, and (3) adjudication of the merits by a court of competent jurisdiction in which the parties had a full and fair opportunity to litigate the relevant issues. *See Akin v. PAFEC, Ltd.*, 991 F.2d 1550, 1556 (11th Cir. 1993). Applying these factors to the current

4

case, the court finds that the determination by the Probate Court is *res judicata* as to the intervenor and plaintiff, and is binding on the court in this action. No party has timely challenged the Probate Court's decision either by Motion to the Probate Court, or by appeal to the Circuit Court of Jefferson County, Alabama, or to the Alabama Supreme Court. The decision of the Probate Court, made within that court's jurisdiction, is not subject to collateral attack in this court. *See e.g. Glickstein v. Sunbank/Miami, N.A.*, 922 F.2d 666 (11th Cir. 1991).

Because the decedent was a resident of Jefferson County, Alabama, at the time of her death, intervenor/plaintiff Sanders is considered a citizen of the state of Alabama. Defendants Christopher Yancy Hill and the Bradford Group, Inc., d/b/a Bradford Health Services, are also residents of Alabama. Therefore, complete diversity of citizenship between plaintiffs and defendants does not exist. The court is not aware of any other basis for exercising jurisdiction over this case. Accordingly, this court lacks jurisdiction over the instant case, and the action is due to be dismissed.

If subsequent proceedings[1] should result in a conclusive determination overturning the order of the Probate Court of Jefferson County, Alabama, and hold that the decedent was in fact a resident of Rutherford County, Tennessee, rather than a resident of Jefferson County, Alabama, at the time of her death, and establish that the plaintiff is the proper Administrator of the Estate of Mary Stephanie Bryant, this court will reconsider its order of dismissal. On

---

[1] Intervenor asserts that no direct appeal would be timely, citing *Brooks v. Brooks*, 272 Ala. 614, 133 So.2d 259 (1961), and further that no other avenue is available to challenge the probate court's determination of residency. This court is not called upon to determine whether or not any further challenge to the determination of the Probate Court would be timely or proper.

proper motion, the court will reinstate this action and consider the action filed as of April 3, 1997. Thus, any error caused by deference to the determination of the state court of Alabama will not prejudice the parties.

## CONCLUSION

The evidence presented by Intervenor Terrill W. Sanders, as Administrator of the Estate of Mary Stephanie Bryant, establishes that his Motion to Intervene and Motion to Dismiss are due to be granted. An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this 30th day of January, 1998.

SHARON LOVELACE BLACKBURN
United States District Judge